Filed 7/17/24  P. v. Hughes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRENICE HUGHES,<br><br>    Defendant and Appellant. | 2d Crim. No. B330169<br>(Super. Ct. No. BA224537-01)<br>(Los Angeles County) |

Brenice Hughes was convicted of first degree murder with a special circumstance finding.  He was also convicted of attempted murder as to three other victims.  Various enhancements were also found to be true.  He was sentenced, inter alia, to life without the possibility of parole (LWOP).  At the time, he was twenty-one years old.  We affirmed the judgment in an unpublished opinion (*People v. Hughes* (Jan. 21, 2004, B163959) [nonpub. opn.]).  Almost twenty years later, he sought a *Franklin* hearing in the superior court.  (*People v. Franklin* (2016) 63 Cal.4th 261.)  His motion/request was denied.  He appeals contending that he is entitled to such a hearing and that to deny

such, amounts to "cruel and/or unusual punishment" for his LWOP sentence. We affirm in this succinct opinion. There is no controlling authority which requires or even suggests that he is entitled to relief.

Appellant's first contention, that he is similarly situated to other "youthful offenders" and therefore entitled to early parole consideration, even though he is serving an LWOP sentence, has been rejected by our California Supreme Court in *People v. Hardin* (2024) 15 Cal.5th 834. We are bound by such pronouncement. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Appellant's second contention is also without merit. Appellant sought to kill four rival gang members with a firearm discharged from an automobile. That he only murdered one of them was not attributable to lack of effort. An LWOP penalty for just the special circumstances murder is not "cruel and/or unusual punishment." (See, e.g., *People v. Flores* (2020) 9 Cal.5th 371, 429-430 [allowing death for a person who has attained 18 years of age]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1031-1032 [republished at 274 Cal.Rptr.3d 267].)

The order denying a *Franklin* hearing and the implicit finding that the sentence now being served is not constitutionally invalid, are affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.        BALTODANO, J.

2

Mildred Escobedo, Judge

Superior Court County of Los Angeles

_____

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.